*Judgments will be entered under Rule 50.*

LIBBIE RICE FARISH, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

W. S. FARISH, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 88366, 88367. Promulgated September 28, 1938.

*Walter E. Barton, Esq.,* and *J. L. Block, C. P. A.,* for the petitioners.

*Frank T. Horner, Esq.,* for the respondent.

OPINION.

SMITH: These proceedings, consolidated for hearing, involve gift tax deficiencies as follows:

| Petitioner | Docket No. | Year | Gift tax deficiency |
|---|---|---|---|
| Libbie Rice Farish | 88366 | 1934 | $2,352.02 |
| Do | 88366 | 1935 | 4,745.97 |
| W. S. Farish | 88367 | 1934 | 4,155.12 |
| Do | 88367 | 1935 | 5,637.25 |

The facts were stipulated. In his brief the respondent states the questions presented as follows:

Did the Commissioner properly determine that the petitioner, W. S. Farish, residing in Texas, should properly include in his taxable gifts the full value of certain insurance policies, rather than only one-half thereof, as contended by petitioner?

The petition in Docket No. 88367 raises the question of the value of certain insurance policies. This question, however, is waived in the petitioner's brief (p. 2). The petitions also raise the question of the extent of the exclusions to which the petitioners are entitled in 1934 and 1935. The respondent concedes the correctness of the taxpayers' contentions in this respect. Petitions also raise the question of the extent of the specific exemption to which the petitioners are entitled in the year 1934. The respondent also concedes the correctness of the taxpayers' contentions in this respect.

The concessions leave only the question presented above.

The stipulated facts are summarized as follows:

1. On February 20, 1934, the petitioner, W. S. Farish, made an irrevocable assignment of all of his right, title, and interest in and to certain life insurance policies on his own life to W. S. Farish, Sr., for the use and benefit of his son and daughter. The petitioners were married on June 1, 1911, and subsequent to that date the premiums on the policies were paid from the community property of the petitioners. W. S. Farish reported one-half of the values of the policies in his gift tax return for 1934.

2. The following shows the names, numbers, dates of issuance, face values, and values of the insurance policies referred to in paragraph 1 above:

| Company | Policy number | Date | Face value | Value |
|---|---|---|---|---|
| New York Life Ins. Co. | 2116255 | 7-16-1902 | $1,000 | $631.90 |
| New York Life Ins. Co. | 2141993 | 3-18-1903 | 10,000 | 3,851.32 |
| Aetna Life Ins. Co. | N-503162 | 5-19-1925 | 50,000 | 8,752.64 |
| Aetna Life Ins. Co. | N-525196 | 8- 4-1925 | 50,000 | 8,824.68 |
| Mo. State Life Ins. Co. | 536017 | 8- 4-1925 | 50,000 | 4,254.81 |
| Seaboard Life Ins. Co. | 43 | 7-25-1925 | 40,000 | 8,126.53 |
| Gr. Southern Life Ins. Co. | 150270 | 8-12-1926 | 50,000 | 6,369.10 |
| Total | | | 251,000 | 40,810.98 |

3. In the case of each policy the insured, W. S. Farish, had the right to revoke the beneficiary and to borrow money thereon until the date of the irrevocable assignment thereof on February 20, 1934. Libbie Rice Farish, the wife of W. S. Farish, was named beneficiary in all of the policies, except as hereinafter stated, from the time the policies were written until the assignment thereof on February 20, 1934. In the New York Life Insurance Co. policies Nos. 2116255 and 2141993 the estate of W. S. Farish was named beneficiary and no change was made in the name of the beneficiary until the transfer thereof to the life insurance trust on February 20, 1934. All of the policies were ordinary life policies except the New York Life policies Nos. 2116255 and 2141993, which were 20-pay life policies. At the time of the marriage of the petitioners on June 1, 1911, the values of the New York Life policies Nos. 2116255 and 2141993 were $170 and $680, respectively.

640

The Board makes the following additional finding of fact:

The insurance policies set forth in paragraph 2 above were the separate property of the petitioner, W. S. Farish, and the value thereof is properly includable in his taxable gifts for the year 1934.

The Board determines that W. S. Farish is liable to gift tax in 1934 for the full value of the policies transferred, upon authority of the Board's opinion in *R. L. Blaffer*, 38 B. T. A. 632, promulgated concurrently herewith.

Reviewed by the Board.

*Judgments will be entered under Rule 50.*